**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VALLI WHITE,

Plaintiff,

vs.

HSBC BANK; BANK OF AMERICA CORPORATION, as successor in interest to Countrywide Home Loans, Inc.; THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK; HOLDERS OF CWABS ASSET-BACKED CERTIFICATES TRUST 2006-ABC1; ERIC SALONGA; JAY SALONGA; CASTLE REALTY; CENTRAL CAL INVST; FIRST AMERICAN TITLE COMPANY; and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF TITLE, OR ANY CLOUD ON PLAINTIFF TITLE THERETO,

Defendant.

CASE NO. 14cv1149-WQH (BLM)

ORDER

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's Complaint filed by Defendants Bank of America, N.A. and The Bank of New York Mellon (ECF No. 16), the Motion to Set Aside Default filed by The Bank of New York Mellon (ECF No. 19), and the Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, to Transfer for Improper Venue filed by First American Title Company (ECF No. 21).

**I. Background**

On May 7, 2014, Plaintiff Valli White, proceeding *pro se*, commenced this action by filing a Complaint in this Court. (ECF No. 1). On August 7, 2014, Defendant The Bank of New York Mellon ("BNYM") was served with the Complaint. (ECF No. 12). On September 2, 2014, Plaintiff filed an Application for Entry of Default against BNYM. (ECF No. 17). On September 2, 2014, the Clerk entered default against BNYM. (ECF No. 18). On September 3, 2014, Defendant BNYM filed the Motion to Set Aside Default. (ECF No. 19). On September 14, 2014, Plaintiff filed an opposition. (ECF No. 24). On September 25, 2014, Defendant BNYM filed a reply. (ECF No. 29).

On September 2, 2014, Defendants Bank of America, N.A. ("Bank of America") and BNYM filed the Motion to Dismiss. (ECF No. 16). On September 9, 2014, Defendants Castle Real Estate Group, Inc. ("Castle"), Jay Solanga, and Eric Solanga joined in the Motion to Dismiss. (ECF No. 20). On September 22, 2014, Plaintiff filed an opposition. (ECF No. 27). On September 30, 2014, Defendants Bank of America and BNYM filed a reply (ECF No. 30), which was joined by Defendants Castle, Jay Solanga, and Eric Solanga (ECF No. 28).

On September 15, 2014, Defendant First American Title Company ("First American") filed the Motion to Dismiss or Transfer for Improper Venue. (ECF No. 21). On October 3, 2014, Plaintiff filed an opposition. (ECF No. 31). On October 15, 2014, Defendant First American filed a reply. (ECF No. 35).

**II. Allegations of the Complaint**

On or about December 22, 2005, Plaintiff executed a deed of trust for a loan on her home at 2011 Glen Harbor Drive, Ceres, California. "The lender was Decision One, the trustee was Transnation Title Insurance Company, and Mortgage Electronic Registration System ('MERS') was the nominee for the lender." (ECF No. 1 at 6). On or about March 22, 2012, an assignment of dead of trust was executed by Mary Ann Hierman, assistant secretary for MERS, purporting to assign the deed of trust to BNYM

on behalf of Decision One. "Decision One had gone out of business in 2007 and therefore had no ability to make any assignments in 2012. Further, Decision One ceased being a MERS Member. Therefore, MERS could not have assigned any interest in the loan as nominee for Decision One, the original purported lender." *Id.* at 6-7. In addition, no interest was ever transferred to"the Certificate Holders of CWABS Inc. Asset Backed Certificates, Series 2006-AB1" ("Defendant Trust") because the assignment of the deed of trust to BNYM "was over five years after the cutoff date for Loans to be assigned to this trust ('Closing Date') of June 29, 2006...." *Id.* "Hierman does not hold the position of 'Assistant Secretary' of MERS," but is a "robo-signer" that has never been appointed by MERS. *Id.* "Contrary to her statement in the [assignment of the deed of trust], Hierman did not have the requisite authority to sign on behalf of MERS or Decision One, had no personal knowledge of the facts involved in the [assignment of the deed of trust], has never seen or learned whether the Loan was actually ever assigned, never viewed the Note securing the [deed of trust], and never obtained a Declaration of Default from any entity." *Id.*

> Defendant Trust is a common law trust formed in 2006 pursuant to New York law. The corpus of Defendant Trust allegedly consists of a pool of residential mortgage notes allegedly secured by liens on residential real estate. Defendant Trust has no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment. A detailed description of the categories of mortgage loans is included in the Prospectus Supplement ("the Prospectus"). The primary document governing the Trust is the Pooling and Service Agreement ("PSA"). It is a long approximately 243 page document....
>
> One purpose of the PSA is to document that in the regular course of business Defendant The Bank of New York as Trustee for Defendant Trust originates and acquires loans and desires by the PSA to confirm the terms and conditions under which Defendant Trust will "acquire the mortgage loans" so originated.

*Id.* at 9. "Plaintiff alleges that Defendant Trust issued the senior securities in the mortgage-backed Trust identified herein." *Id.* "In the [assignment of deed of trust], Defendant Trust is listed as the holder and owner of the Note and the beneficiary of the DOT, listing Defendant The Bank of New York as Trustee for Defendant Trust. The DOT executed by Plaintiff identifies the Lender as Decision One and MERS as the

beneficiary and nominee for the Lender." *Id.* "The Note was **not** duly endorsed, transferred and delivered to the Defendant Trust prior to the Closing Date, June 29, 2006." *Id.*

Defendants Castle, Central Cal Invst, and First American ("Sale Defendants") "facilitated a sale of the Property." *Id.* at 10. On or about April 2, 2013, Defendant Eric Salonga "solicited Plaintiff via U.S. Mail about selling the property." *Id.* "The Sale Defendants knew or should have known that the [deed of trust] was invalid." *Id.* The Sale Defendants "knowingly enticed Plaintiff into selling her home in a 'short sale' when the illegal Loan would be paid off and the Sale Defendants could profit handsomely from fees and commissions." *Id.* at 11.

The Complaint asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692, against all Defendants; violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code sections 1788 *et seq.*, against all Defendants; violation of California Business & Professions Code section 17200 ("UCL") against all Defendants; violation of California Civil Code section 2924.12(b) against all Defendants; and violation of California Civil Code section 2924 *et seq.* against all Defendants. The Complaint requests a declaratory judgment that the sale be declared void, declaratory judgment that Defendants' conduct violated the FDCPA, an injunction, rescission of the sale, restitution from the sale, quiet title, compensatory, special and general damages, punitive damages, and statutory penalties.

**III. Motion to Set Aside Default (ECF No. 19)**

BNYM moves to set aside default on the grounds that its failure to respond was due to a mistake in calendaring a responsive pleading date. BNYM contends that there is no prejudice to Plaintiff in setting aside default because the case "is still in its infancy." (ECF No. 19 at 4). BNYM also contends that the Motion to Set Aside Default was filed immediately after default was entered. BNYM contends that it has a meritorious defense. Plaintiff contends that she is prejudiced because Defendant

BNYM had ample notice of this action and had plenty of time to respond to the Complaint. Plaintiff contends that it is unfair for BNYM to have extra time to respond to the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

> The different treatment of default entry of judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court. As a practical matter, however, when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b).... These Rule 60(b) grounds are liberally interpreted when used on a motion for relief from an entry of default.

*Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 60(b)(1), a court may set aside a judgment "for the following reasons: mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A district court is "free to deny the motion 'if any of the three factors'" identified by the Ninth Circuit Court of Appeals in *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) favor denial: "(1) whether [Defendants] engaged in culpable conduct that led to the default; (2) whether [Defendants] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [Plaintiff.]" *Franchise Holding II, LLC v. Huntington Rest.'s Grp.*, 375 F.3d 922, 926 (9th Cir. 2004) (citing *Hayhurst*, 227 F.3d at 1109).

BNYM was two days late in responding to the Complaint. BNYM's response to the Complaint was the pending motion to dismiss, filed by both BNYM and Bank of America. (ECF No. 16). Bank of America filed its motion to dismiss within the time allowed by Rule 12. Plaintiff has failed to demonstrate that BNYM's failure to respond to the Complaint until September 2, 2014 prejudiced Plaintiff when other Defendants in this case, such as Bank of America and First American, were permitted by Rule 12 to file their responses on or after that date. The Court finds that setting aside Defendant

BNYM's default would not prejudice Plaintiff. The Court therefore concludes that Defendant BNYM's default should be set aside.

Defendant's Motion to Set Aside Default is granted.

**IV. Motion to Dismiss or Transfer for Improper Venue (ECF No. 21)**

First American contends that the Eastern District of California is the proper venue for this case because it is a dispute over real property located in the Eastern District. First American contends that Plaintiff's requested relief—quiet title and possession of the subject property—confirms that it is a real property dispute arising in the Eastern District. Plaintiff asserts that the case should be heard in the Southern District because she currently lives in the Southern District. Plaintiff contends that transfer to the Eastern District would create a financial burden on her.

28 U.S.C. section 1391(b) provides that "[a] civil action may be brought in–

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "For all venue purposes ... an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question...." 28 U.S.C. § 1391 (c)(2). A "[p]laintiff has the burden of showing that venue was properly laid in [the district in which the plaintiff filed]." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is not in the interest of

justice where the transferee forum is one that the plaintiff seeks to avoid. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983).

The Court must determine whether venue is proper in the Southern District of California under any of the three clauses of section 1391(b).

**A. Section 1391(b)(1)**

The Complaint alleges that Defendants Jay and Eric Solanga do business in Modesto, California. However, the Complaint does not allege where Jay and Eric Solanga reside. The remaining Defendants are all entities. Therefore, the remaining Defendants are residents of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question...." 28 U.S.C. § 1391 (c)(2).

The factual allegations in the Complaint do not demonstrate that venue is proper under section 1391(b)(1). If Defendants Jay and Eric Solanga are residents of California, and the remaining Defendants are subject to personal jurisdiction in the Southern District of California, then venue is proper in the Southern District of California. However, Plaintiff has not alleged the residency of Defendants Jay and Eric Solanga. Plaintiff has failed to meet her burden of establishing that venue is proper under section 1391(b)(1).

**B. Section 1391(b)(2)**

The Complaint does not allege that any events or omission giving rise to the claims in the Complaint occurred in the Southern District of California. The Complaint alleges that the location of the subject property is located in Ceres, California, which sits in the Eastern District of California. Plaintiff seeks rescission of a deed of trust recorded in Stanislaus County, also in the Eastern District of California. The Court finds that venue is improper under section 1391(b)(2).

**C. Section 1391(b)(3)**

Venue would be proper in the Eastern District of California pursuant to section 1391(b)(2) because a "substantial part of property that is the subject of the action is

situated" is located in Ceres, California, in the Eastern District of California. Because this action "may otherwise be brought" in the Eastern District, section 1391(b)(3) cannot provide a basis for finding venue proper in the Southern District.

**D. Conclusion**

Plaintiff has failed to meet her burden to establish that venue is proper in the Southern District. *Piedmont*, 598 F.2d at 496. However, the record in this case is inconclusive as to whether venue is *wrong* in the Southern District, so as to permit transfer for laying "venue in the *wrong* division or district" pursuant to section 1406(a). 28 U.S.C. § 1406(a) (emphasis added).[1] *See, e.g.*, *Secure Axcess, LLC v. Trustmark Nat'l Bank*, No. 13-CV-788, 2014 WL 3884258 (E.D. Tex. Aug. 7, 2014) (recognizing that the plaintiff has the burden of establishing that venue is proper in the district in which the case was filed but denying a 12(b)(3) motion without prejudice because "it is unclear whether venue is proper in this District under § 1391(d)....").

Because venue may be proper in the Southern District, the Court finds that transferring this case to the Eastern District of California would be premature and not "in the interests of justice." 28 U.S.C. § 1406(a). Plaintiff will be given an opportunity to adequately allege venue before she loses her choice of forum in the Southern District. The Court concludes that the Complaint should be dismissed without prejudice. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that district court did not abuse its discretion in dismissing, rather than transferring, for improper venue because "[t]he statute requires a transfer ... only in cases where it is in 'the interest of justice'"); *cf. In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (holding that section 1406(a) does not give a district court discretion to dismiss with prejudice for improper venue; dismissal must be without prejudice).

**V. Motion to Dismiss (ECF No. 16)**

---

[1] First American's contention—that venue in actions involving real property are "local actions" and "venue in such actions is proper only in the judicial district where the subject real property is located"—must be rejected. (ECF No. 21 at 10). "[T]he proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391.

Because the Complaint has been dismissed in its entirety for improper venue, Bank of America and BNYM's Motion to Dismiss is denied as moot.

**VI. Conclusion**

IT IS HEREBY ORDERED that Defendant Bank of New York Mellon's Motion to Set Aside Default is GRANTED. (ECF No. 19). Pursuant to Federal Rule of Civil Procedure 55(c) and for good cause shown, the Court sets aside the Clerk's entry of default, entered on September 2, 2014. (ECF No. 18).

IT IS FURTHER ORDERED that the Motion to Dismiss filed by First American Title Company is GRANTED. (ECF No. 21). The Complaint is DISMISSED without prejudice for improper venue.

IT IS FURTHER ORDERED that the Motion to Dismiss for failure to state a claim filed by Bank of America and Bank of New York Mellon is DENIED as moot. (ECF No. 16).

DATED: October 21, 2014

**WILLIAM Q. HAYES**
United States District Judge